**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ROBERT NASH, individually and on behalf of all others similarly situated,<br><br>Plaintiff(s),<br><br>v.<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>Defendant. | CIVIL ACTION<br><br>Case No. 1:19-cv-08077<br><br>JURY TRIAL DEMANDED |

**CLASS ACTION COMPLAINT**

Now Comes Plaintiff, ROBERT NASH, individually and on behalf of all others similarly situated, by and through his undersigned attorney, and brings this Complaint against Defendant MIDLAND CREDIT MANAGEMENT, INC.:

**I.     Parties, Jurisdiction and Venue**

1. Plaintiff ROBERT NASH ("Plaintiff") is a resident of Glen Ellyn, Illinois and has filed this civil action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, et seq.

2. Defendant MIDLAND CREDIT MANAGEMENT, INC. ("MCM") is incorporated in the State of Kansas and maintains its principal place of business at 3111 Camino Del Rio North, Suite 1300, San Diego, California 92108.

3. MCM is a debt collector as defined by Section 1692a(6) of the FDCPA because MCM routinely uses the United States Postal Service for the collection of consumer debts and MCM's principal purpose is the purchase of and collection of consumer debts.

4. MCM collects defaulted debts owned by Midland Funding, LLC ("Midland").

5. Subject matter jurisdiction exists pursuant to 28 U.S.C. §§1331 and 1337.

1

6. This Court has federal question jurisdiction and venue pursuant to 15 U.S.C. § 6104(f) which provides that "[a]ny civil action brought under subsection (a) in a district court of the United States may be brought in the district in which the defendant is found, is an inhabitant, or transacts business or wherever venue is proper under section 1391 of title 28."

7. Venue is proper in this District pursuant to 18 U.S.C. § 1391(b) because MCM routinely mails collection letters and envelopes to addresses within this District and MCM routinely collects consumer debts in this District.

8. Venue and personal jurisdiction exist in this District pursuant to U.S.C. §§ 1391(b)-(c) and 1441(a) because MCM, as a corporation, is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.

9. Venue is proper in this District pursuant to 18 U.S.C. § 1391(b) because MCM is subject to personal jurisdiction within this District by virtue of the fact that it has conducted significant and continuous debt purchase and collection activities within this jurisdiction through mailing letter to consumers with Illinois residential addresses.

**II.     Background Allegations**

   **A. The Subject Debt**

10. Plaintiff obtained credit (the "Subject Debt") from Synchrony Bank ("Synchrony").

11. Plaintiff incurred the Subject Debt for personal and household expenses.

12. Due to unforeseeable circumstances, Plaintiff was unable to pay off the Subject Debt and the debt fell into a default status.

13. Midland purchased the defaulted Subject Debt from Synchrony.

14. Thereafter, Midland engaged MCM to attempt to collect the Subject Debt.

15. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) because MCM regarded him as a "person obligated or allegedly obligated to pay" the Subject Debt.

16. On information and belief, the Subject Debt is not subject to arbitration because the underlying debt sale and purchase agreements merely conveyed to MCM the right to collect accounts in the form of "receivables."

### B. MCM's Collection Efforts Relative to the Subject Debt

17. Over the past year, MCM has sent letters to Plaintiff in attempting to collect the Subject Debt.

18. In these letters, MCM has listed the Subject Debt as $1,663.01.

19. In an attempt to collect the Subject Debt, MCM sent a letter to Plaintiff dated 07-12-2019 (hereafter the "07-12-2019 Letter").

20. The 07-12-2019 Letter was mailed to Plaintiff by MCM inside of envelope with the following language on the front of the envelope: "Time Sensitive Document" (hereafter the "Time Sensitive Document Envelope" or "Envelope").

21. MCM specifically used the Time Sensitive Document Envelope to mail the 07-12-2019 Letter to Plaintiff.

22. MCM utilized an internal process where the utilization of this process specifically caused MCM to use the Time Sensitive Document Envelope to mail the 07-12-2019 Letter to Plaintiff.

23. MCM utilized an internal process where the utilization of this process specifically caused MCM to use the Time Sensitive Document Envelope to mail the 07-12-2019 Letter to Plaintiff, as opposed to using a plain envelope *without* the same words, "Time Sensitive Document".

24. MCM utilized an non-random procedure whereby the procedure instructed MCM to use the Time Sensitive Document Envelope to mail the 07-12-2019 Letter to Plaintiff.

25. MCM utilized an non-random procedure whereby the procedure instructed MCM to use the Time Sensitive Document Envelope to mail the 07-12-2019 Letter to Plaintiff, as opposed to using a plain envelope *without* the same words, "Time Sensitive Document".

26. Below is a representative image of the Envelope:



27. The phrase "Time Sensitive Document" is written in bold and capitalized font.

28. After reading the words "Time Sensitive Document," Plaintiff immediately opened When Plaintiff received the Time Sensitive Document Envelope and read the phrase "Time Sensitive Document", this language caught his attention.

29. After reading the words "Time Sensitive Document," Plaintiff immediately opened the Envelope.

30. Because the Envelope said "Time Sensitive Document", Plaintiff was worried about the "Time Sensitive Document" that was allegedly inside the Envelope.

### III. Causes of Action

### Count I – Individual Claim
### The Time Sensitive Document Envelope Violates Section 1692f(8) of the FDCPA

31. Plaintiff realleges the above paragraphs as though fully set forth herein.

32. Section 1692f of the FDCPA generally prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

33. Section 1692f(8) specifically prohibits a debt collector from:

> Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

34. Section 1692f(8) contains no exceptions – any extraneous text on the envelope or on the outside of a self-mailer violates 15 U.S.C. § 1692f(8).

35. Plaintiff immediately opened the Time Sensitive Document Envelope because it contained the words "Time Sensitive Documents."

36. MCM has determined that it collects more money from consumers when it sends letters in Time Sensitive Document Envelopes.

37. On information and belief, MCM's research demonstrates that least sophisticated consumers are more likely to open collection letters sent in Time Sensitive Document Envelopes than envelopes that do not contain the words "Time Sensitive Document."

38. The Time Sensitive Document Envelope's use of the words "Time Sensitive Document" violates Section 1692f(8) of the FDCPA as a matter of law because Section 1692f(8) prohibits a debt collector from using any language, other than the debt collector's address, on any envelope when communicating with a consumer.

5

39. The Time Sensitive Document Envelope's use of the words "Time Sensitive Document" violates Section 1692f(8) of the FDCPA because these words intended to create, and does create, a false sense of urgency to so-called least sophisticated consumers.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

a. declare that the Time Sensitive Document Envelope violates the FDCPA;

b. enjoin Defendant MCM from using the Time Sensitive Document Envelope in conjunction with any future collection letters;

c. award Plaintiff statutory damages of up to $1,000; and

d. award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count II – Class Action Claim**
**MCM's Use of the Time Sensitive Document Envelope Violates § 1692f(8) of the FDCPA**

40. Plaintiff realleges the above paragraphs as though fully set forth herein.

41. The use of the phrase "Time Sensitive Document" on the Envelope violates Section 1692f(8) of the FDCPA as a matter of law because Section 1692f(8) prohibits a debt collector from using any language, other than the debt collector's address, on any envelope when communicating with a consumer.

42. Within one year of the filing of this lawsuit, MCM mailed a debt collect collection letter to at least 40 persons with mailing addresses from within this District where the collection letters were mailed inside a Time Sensitive Document Envelope.

43. MCM's use of the Time Sensitive Document Envelope satisfy the elements of typicality, commonality, predominance and superiority.

44. On information and belief, consumers may have paid their debts because of MCM's above violations of the FDCPA.

45. The class period is limited to one year from the filing of this lawsuit or until the unlawful conduct ends.

46. Plaintiff will fairly and adequately represent the proposed class members who are defined as follows:

> All persons with mailing addresses within this District who were mailed a form collection letter where the letters identified a debt related to a Synchrony Bank account and the collection letters were mailed inside of envelopes containing the words "Time Sensitive Document."

47. The class is subject to amendment if there are less than 40 class members who received the subject envelope or letter from the above identified creditor.

48. The proposed class can be ascertained and defined by MCM's records.

49. Plaintiff is represented by counsel who is well versed in consumer class actions, and in particular, the prosecution and defense of FDCPA class actions.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

a. declare that MCM's use of the Time Sensitive Document Envelope violates the FDCPA;

b. enjoin Defendant MCM from using the Time Sensitive Document Envelope in conjunction with any future collection letters;

c. award Plaintiff statutory damages of up to $1,000;

d. award class members actual damages if they paid their subject debts after receiving a collection letter in a Time Sensitive Document Envelope;

e. award class members maximum statutory damages; and

f. award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

### Count III – Individual Claim
### The Time Sensitive Document Envelope and the 07-12-2019 Letter Violates Sections 1692e, 1692e(2)(A), 1692e(5), 1692e(10) and 1692f

50. Plaintiff realleges the above paragraphs as though fully set forth herein.

51. The body of the 07-12-2019 Letter (minus the Letter's entire detachable pay stub) is depicted below:



52. The contents of the 07-12-2019 Letter did not refer to a specific, time sensitive deadline, such as a deadline for impending litigation.

53. For example, the 07-12-2019 Letter *did not* say "if you do not call this your account if forwarded to an attorney, it will result in a lawsuit against you."

54. Rather, the 07-12-2019 Letter used a non-definitive qualifier by saying, "*[i]f* your account is forwarded to an attorney, this *may* result in a lawsuit against you." (Emphasis supplied).

55. The 07-12-2019 Letter used a second non-definitive qualifier by saying, "*[i]f* this process results in litigation . . . ." (Emphasis supplied).

56. The 07-12-2019 Letter did not contain an express payment option plan.

57. The 07-12-2019 Letter did not contain a specific time sensitive payment option.

58. MCM routinely sends collection letters inside of Time Sensitive Document Envelopes in an attempt to cause least sophisticated consumers to open the Envelopes, read the enclosed letter and call MCM about the debt.

59. The 07-12-2019 Letter was sent in the Time Sensitive Document Envelope to urge Plaintiff to call MCM.

60. The 07-12-2019 Letter was sent in the Time Sensitive Document Envelope to Plaintiff stress out and call MCM.

61. The 07-12-2019 Letter was sent in the Time Sensitive Document Envelope to cause Plaintiff to worry about the allegedly Time Sensitive nature of the Letter.

62. The top of the 07-12-2019 Letter contains the words "PRE-LEGAL NOTIFICATION" in large, fully capitalized font and below Plaintiff's address and above the body of the Letter are the words "FINAL NOTICE" in bold, fully capitalized font.

63. MCM has determined that it collects more money from consumers when it sends letters in Time Sensitive Document Envelopes.

64. MCM's research demonstrates that consumers are more likely to open collection letters formatted and worded just like the 07-12-2019 Letter when the Letter (and others like it) are sent in Time Sensitive Document Envelopes than envelopes that do not contain the words "**TIME SENSITIVE DOCUMENT**."

65. MCM purposefully used the words "**TIME SENSITIVE DOCUMENT**" on the face of the Time Sensitive Document Envelope to cause Plaintiff and hundreds of consumers like him to agonize and worry over the fact that the 07-12-2019 Letter contains the words "PRE-LEGAL NOTIFICATION" and "FINAL NOTICE" in prominent font.

66. Section 1692e of the FDCPA states that a "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

67. The contents of Defendant's 07-12-2019 Letter and Defendant's conduct in mailing the 07-12-2019 Letter inside of the Time Sensitive Document Envelope violates Section 1692e of the FDCPA because Defendant's method of mailing the Letter inside of a Time Sensitive Document Envelope – as well as the contents of the Letter – is a deceptive or misleading representation relative to Defendant's attempt to collect the Subject Debt.

68. Defendant violated Section 1692e of the FDCPA because Defendant's method of mailing the 07-12-2019 Letter inside of a Time Sensitive Document Envelope – as well as the contents of the 07-12-2019 Letter – is a deceptive or misleading means of collecting the Subject Debt.

69. Section 1692e(2)(A) of the FDCPA prohibits debt collectors from making false representations regarding "the character, amount, or legal status of any debt".

70. The contents of Defendant's 07-12-2019 Letter and Defendant's conduct in mailing the 07-12-2019 Letter inside of the Time Sensitive Document Envelope violates Section 1692e(2)(A)) of the FDCPA

71. Defendant violated Section 1692e(2)(A)) of the FDCPA because the Time Sensitive Document Envelope, in conjunction with the contents of the 07-12-2019 Letter, constituted a false representation regarding the so-called "TIME SENSITIVE" nature of the 07-12-2019 Letter and the Subject Debt and created a false sense of urgency with Plaintiff and other similarly situated recipients.

72. Section 1692e(5) of the FDCPA prohibits a debt collector from "threatening to take any action . . . that is not intended to be taken."

73. The contents of Defendant's 07-12-2019 Letter and Defendant's conduct in mailing the 07-12-2019 Letter inside of the Time Sensitive Document Envelope violates Section 1692e(5) of the FDCPA.

74. Defendant violated 1692e(5), because at the time the 07-12-2019 Letter was sent, Defendant did not have a time sensitive deadline relative to the filing of a lawsuit.

75. Section 1692e(10) of the FDCPA prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

76. The contents of Defendant's 07-12-2019 Letter and Defendant's conduct in mailing the 07-12-2019 Letter inside of the Time Sensitive Document Envelope violates Section 1692e(10) of the FDCPA.

77. The contents of Defendant's 07-12-2019 Letter and Defendant's conduct in mailing the 07-12-2019 Letter inside of the Time Sensitive Document Envelope violates Section 1692e(10) of the FDCPA because the Time Sensitive Document

Envelope, in conjunction with the contents of the 07-12-2019 Letter, constituted a false representation or deceptive means to collect the Subject Debt and created a false sense of urgency with Plaintiff and other similarly situated recipients.

78. Defendant violated Section 1692e(10) because using the words "TIME SENSITIVE DOCUMENT" on the Envelope, in conjunction with the contents of the 07-12-2019 Letter, constituted a false representation or deceptive means to collect the Subject Debt and created a false sense of urgency with Plaintiff and other similarly situated recipients.

79. Section 1692f of the FDCPA prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

80. The contents of Defendant's 07-12-2019 Letter and Defendant's conduct in mailing the 07-12-2019 Letter inside of the Time Sensitive Document Envelope violates Section 1692f of the FDCPA.

81. Defendant violated Section 1692f because the contents of Defendant's 07-12-2019 Letter and Defendant's conduct in mailing the 07-12-2019 Letter inside of the Time Sensitive Document Envelope constitutes an unfair or unconscionable means to collect or attempt to collect the Subject Debt.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

a. declare that the Time Sensitive Document Envelope violates the FDCPA;

b. enjoin Defendant MCM from using the Time Sensitive Document Envelope in conjunction with any future collection letters;

c. award Plaintiff statutory damages of up to $1,000; and

d. award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count IV – Class Action Claim**
**MCM's Use of the Time Sensitive Document Envelope and the Form Letter Dated 07-12-2019 Violates Sections 1692e, 1692e(2)(A), 1692e(5), 1692e(10) and 1692f**

82. Plaintiff realleges the above paragraphs as though fully set forth herein.

83. Defendant's 07-12-2019 Letter is a widely used template letter.

84. For example, in the past year, Defendant has used the wording of the 07-12-2019 Letter in hundreds of communications with other Illinois consumers.

85. The main differences with the contents of the 07-12-2019 Letter and similarly worded and formatted letters (hereafter "PRE-LEGAL NOTIFICATION Letters") would be the demographic information of the consumer, the underlying creditor and the amount owed.

86. MCM has determined that it collects more money from consumers when it sends letters in Time Sensitive Document Envelopes.

87. MCM's research demonstrates that consumers are more likely to open collection letters formatted and worded just like the 07-12-2019 Letter when the Letter (and others like it) are sent in Time Sensitive Document Envelopes than envelopes that do not contain the words "**TIME SENSITIVE DOCUMENT**."

88. MCM purposefully used the words "**TIME SENSITIVE DOCUMENT**" on the face of the Time Sensitive Document Envelope to cause Plaintiff and hundreds of consumers like him to agonize and worry over the fact that the 07-12-2019 Letter contains the words "PRE-LEGAL NOTIFICATION" and "FINAL NOTICE" in prominent font.

89. As set forth in Count III, the contents of MCM's PRE-LEGAL NOTIFICATION Letter, along with MCM's mailing of PRE-LEGAL NOTIFICATION Letters

90. Within one year of the filing of this lawsuit, MCM mailed a PRE-LEGAL NOTIFICATION Letter to at least 40 persons with mailing addresses from within this

13

District where the PRE-LEGAL NOTIFICATION Letters were mailed inside an envelope emblazoned with the words "**TIME SENSITIVE DOCUMENT**" violates Sections 1692e, 1692e(2)(A), 1692e(5), 1692e(10) and 1692f of the FDCPA.

91. MCM's use of the Time Sensitive Document Envelope and the form of the 07-12-2019 Letter satisfy the elements of typicality, commonality, predominance and superiority.

92. On information and belief, consumers may have paid their debts because of MCM's above violations of the FDCPA.

93. The class period is limited to one year from the filing of this lawsuit or until the unlawful conduct ends.

94. Plaintiff will fairly and adequately represent the proposed class members who are defined as follows:

> All persons with mailing addresses within this District who were mailed PRE-LEGAL NOTIFICATION Letters where the Letters identified a debt originally owed to Synchrony Bank and the Letters were mailed inside of envelopes containing the words "Time Sensitive Document."

95. The class is subject to amendment if there are less than 40 class members who received the subject envelope or letter from the above identified creditor.

96. The proposed class can be ascertained and defined by MCM's records.

97. Plaintiff is represented by counsel who is well versed in consumer class actions, and in particular, the prosecution and defense of FDCPA class actions.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

a. declare that MCM's use of the Time Sensitive Document Envelope and the PRE-LEGAL NOTIFICATION Letters violates the FDCPA;

b. enjoin Defendant MCM from using the Time Sensitive Document Envelope and the PRE-LEGAL NOTIFICATION Letters in conjunction with any future collection letters;

c. award Plaintiff statutory damages of up to $1,000;

    d. award class members actual damages if they paid their subject debts after receiving a collection letter in a Time Sensitive Document Envelope;

    e. award class members maximum statutory damages; and

    f. award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Plaintiff hereby demands a jury trial.**

Dated: 12/10/2019

Respectfully submitted,

Plaintiff, ROBERT NASH, individually, and as the representative of a class of similarly situated persons.

/s/ James C. Vlahakis
Sulaiman Law Group, Ltd
2500 South Highland Avenue #200
Lombard, IL 60148
Phone: (630) 581-5456
jvlahakis@sulaimanlaw.com